UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| THOMAS NORTON, et al., | ) <br> ) <br> ) |
| Plaintiffs, | ) Civil Action No. 5: 17-351-DCR <br> ) |
| V. | ) <br> ) |
| PAUL LOETHER, in his official capacity as Keeper of the National Register of Historic Places, et al., | ) **MEMORANDUM OPINION** <br> ) **AND ORDER** <br> ) <br> ) |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the defendants' motion to dismiss the plaintiffs' Complaint pursuant to Rules 12(b)(1), and (6) of the Federal Rules of Civil Procedure. [Record No. 12] The Court will grant in part, and deny, in part, the defendants' motion.

**I.**

Plaintiffs Thomas Norton, George Norton, Carl Norton, Clyde Wilcoxson, the Gess Family Partnership, Ltd., Troy Thompson, Larry White and Brenda White, Patsy A. Bratton, Mary Louis Bratton Quertermous, Wayne Quertermous, Irene Gerdeman, as Trustee of the Irene Gerdeman Living Trust, and Jane Greaves Blackford, under the J.H. Graves Trust, are individuals and entities with principal places of business and/or owners of real property in Clark and Fayette Counties, Kentucky. [Record No. 1, ¶ 3] In the summer of 2008, they became aware of the efforts of parties to have the area known as the Upper Reaches of Boone

Creel ("the Property") listed on the National Register of Historic Places ("National Register"). *Id.* at ¶ 11.

The National Historical Preservation Act (the "Preservation Act") authorizes the Secretary of the Interior "to expand and maintain a National Register of districts, sites, buildings, structures, and objects significant in American history, architecture, archeology, engineering, and culture." 36 C.F.R. § 60.1. The Secretary is charged under the Preservation Act with promulgating regulations for nominating properties to the National Register and notifying property owners when property is being considered for inclusion on the register. 54 U.S.C. § 302103. Before any property may be included in the National Register, the owners of such property—or a majority of owners within the district in the case of a historic district—must be given the opportunity to object to the nomination of the property for inclusion. *Id.* at § 302105. The Preservation Act generally prohibits inclusion of the district on the register if a majority of the owners in the district object. *See id.*

The plaintiffs, along with other landowners of property in the area, were notified by the Kentucky Heritage Counsel through the Kentucky state Historic Preservation Office *via* a letter that the Property would be considered by the Kentucky Historic Preservation Review Board for nomination to the National Register and an informational meeting would take place in August 2008 in Lexington, Kentucky. *Id.* at ¶ 12. At the meeting, a Kentucky state official informed those in attendance that objection letters were required to be submitted to the Kentucky Review Board at a meeting in Russellville, Kentucky, three hours away from the Property, at a later date. *Id.* at ¶ 13. Counsel for the plaintiffs presented a letter at the meeting stating that they had objection letters from 129 landowners covering 95 parcels of properties out of the 157 properties listed, and demanded the Board stop the action to submit the

nomination. *Id*. at ¶ 14. Following receipt of a letter from the State indicating that, regardless of whether the majority of landowners object, the nomination must still be forwarded to the Keeper of the National Register of Historic Places ("the Keeper") for a determination of eligibility. *Id*. at ¶ 15.

The plaintiffs filed suit in the Fayette Circuit Court against the state and local agencies involved in the nomination process ("the state court defendants") in late 2008. The suit challenged the efforts to have the Property listed on the National Register. Protracted litigation ensured over the next several years. During this time, the Kentucky State Review Board met and approved the nomination of the Property. It was subsequently listed in the National Register on November 27, 2009. *Id*. at ¶¶ 19, 25. The matter worked its way to the Kentucky Court of Appeals and then back to the Fayette Circuit Court. *Id*. at ¶¶ 16-31. The circuit court granted partial summary judgment in the plaintiffs favor in September 2016, concluding that the state court defendants had violated their due process rights. *Id*. at ¶ 32.

The plaintiffs' counsel then submitted a petition to the Kentucky State Historic Preservation Officer on October 28, 2016, seeking to remove the Property from the National Register based upon alleged procedural irregularities under 26 C.F.R. 60.15(a)(4). The plaintiffs relied, in part, on the state court holdings. The petition was then submitted to and received by the Keeper from the state on January 27, 2017. *Id*. at ¶ 35. The Keeper subsequently denied the petition to delist the Property from the National Register on March 13, 2017. *Id*.

The plaintiffs now seek review of the Keeper's denial of the petition to delist the Property under the Administrative Procedure Act, 5 U.S.C. § 702. They assert that they have been damaged as a result of the actions and inactions of the defendants. [Record No. 1, ¶¶ 38-

43] They also allege that the actions and inactions of the defendants violated and continue to violate their rights to substantive and procedural due process. *Id*. at ¶¶ 44-46. The plaintiffs also contend that they are entitled to a writ of mandamus under the Mandamus Act. *Id*. at ¶¶ 47-50. Finally, the plaintiffs seeks permanent injunctive relief and attorneys' fees. *Id*. at ¶¶ 51-59.

## II.

The defendants' arguments that the plaintiffs' claims are time-barred and that the plaintiffs lack of standing to bring this action contests this Court's subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017) (citations omitted). A 12(b)(1) motion "can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). A facial challenge to the Court's subject matter jurisdiction, such as the defendants' challenge here, "merely questions the sufficiency of the pleading." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). "In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." *Id.* "[T]he party claiming jurisdiction bears the burden of demonstrating that the court has jurisdiction over the subject matter." *Id.* at 324.

Next, in considering a motion under Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether the complaint states a claim for which relief is available. It "must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations must be sufficient to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, and permit the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While a complaint need not contain detailed factual allegations, it must contain more than an "unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III.

#### A.     Subject Matter Jurisdiction

The defendants contend that the plaintiffs' claims stem from the Keeper's 2009 listing decision and, therefore, are time-barred and should be dismissed for lack of subject matter jurisdiction. [Record No. 12-1, pp. 15-16] The defendants also argue that the claims should be dismissed because the plaintiffs lack standing. They assert they plaintiffs have failed to allege an injury in fact as a result of the Keeper's denial of their petition to remove the Boone Historic District from the National Register. *Id*. at pp. 17-18.

Title 28 of the United States Code, section 2401(a), provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." The defendants argue that the plaintiffs do not articulate which decision by the Keeper they challenge and allege that the claims must stem from the 2009 listing decision. However, this characterization fails simply by looking at the

complaint. The complaint plainly states that the plaintiffs suffered a legal wrong and were adversely affected by the actions of the defendants "in denying the petition for delisting of the Property." [Record No. 1, ¶ 40] The petition for delisting of the property was submitted to the Keeper through the Kentucky State Historical Preservation Office and was received by the Keeper on January 27, 2017. [Record No. 1-20] The Keeper subsequently denied the petition to remove the Property from the National Register on March 13, 2017. *Id.* The plaintiffs are seeking review of the decision by the Keeper to deny the petition to remove the Property. As a result, the action is not time-barred.

As with every lawsuit filed in federal court, Article III of the Constitution limits the jurisdiction of federal courts to hear only actual cases and controversies. U.S. Const. art 3. § 2. "The doctrine of standing is one of several doctrines that reflect this fundamental limitation." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). To satisfy the standing requirement, the plaintiffs must establish that: (i) they have suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent rather than conjectural or hypothetical; (ii) that there is a causal connection between the injury and the defendants'' alleged wrongdoing; and (iii) that the injury can likely be redressed. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Here, the dispute is whether the plaintiffs have suffered an injury in fact.

The plaintiffs have alleged concrete and particularized injury in the form of discouragement of the destruction of historic buildings by eliminating certain otherwise available Federal tax provisions both for the demolition of historic structures and for new construction on the site of demolished historic buildings, and applicability of the Surface Mining and Control Act of 1977 which requires consideration of a property's historic values

in determining whether to issue a surface coal mining permit. [Record No. 13, pp. 15-16.] The defendants argue that the plaintiffs have failed to provide any facts to support their allegations that there is coal under the property or that there are certain buildings or property owners that would qualify for a tax credit.

The defendants' argument against the plaintiffs' standing conflates issues of standing and questions of proof. The plaintiffs who are owners of the involved property are clearly alleging injury to protected interest in property ownership and use. Further, the regulatory scheme of the Preservation Act is intended to provide a procedural avenue to object to the inclusion of the district on the register. If the owners of the property directly affected by the decision to list or delist the property in the National Register do not have standing, it would be hard to imagine that anyone would have standing to oppose a decision by the Keeper, thus rendering the procedural mechanisms to object meaningless.

**B.    APA Claim**

The defendants contend that the plaintiffs have failed to state a claim for upon which relief can be granted because they fail to identify grounds for removal of the Property from the National Register. This argument fails to take into consideration the facts as alleged.

The plaintiffs sought the removal of listed Property from the National Resister under the NPS' regulations. *See* 36 C.F.R. § 60.15(c). Under the relevant regulation, four grounds for removal are provided:

> (1) The property has ceased to meet the criteria for listing in the National Register because the qualities which caused it to be originally listed have been lost or destroyed, or such qualities were lost subsequent to nomination and prior to listing;
> (2) Additional information shows that the property does not meet the National Register criteria for evaluation;

(3) Error in professional judgment as to whether the property meets the criteria for evaluation; or
(4) Prejudicial procedural error in the nomination or listing process.

36 C.F.R. § 60.15(a). Relying on the state court holding and alleged procedural errors, the plaintiffs petitioned for removal of the property under 36 C.F.R. § 60.15(a)(4). They alleged procedural irregularities, including: (i) that the number of recognized landowners and objections was constantly fluctuating; (ii) LLC's, trusts, and LP's received only one vote even if they owned multiple properties; (iii) someone with a remainder interest could not submit an objection; (iv) the State Review Board meeting was scheduled more than 200 miles away from the location of the Property; (v) and that one of the proponents of the listing purchased real property from an objector at the last minute in order to change the vote of the number of owners opposed. [Record No. 1, pp. 5-6, ¶22] Viewing the allegations in a light most favorable to the plaintiffs, they have alleged several prejudicial procedural errors in the nomination or listing process and have adequately stated a claim for relief under the APA.

### C. Due Process Claim

Next, the defendants argue that the plaintiffs failed to state a claim for relief under Count II, which alleges due process violations. They contend that, because the plaintiffs did not identify the deprived protected liberty or property interests resulting from the Keeper's 2017 decision. However, the complaint alleges that the plaintiffs are owners of real property that has been improperly listed and not removed in accordance with procedure and, as a result, have been damaged.

The defendants cite *Moody Hill Farms Ltd. P'ship v. Dep't of the Interior, Nat'l Parks Serv.*, in support of their argument that listing in the National Register, on its own, does not

constitute a deprivation of a protected property interests. 205 F.3d 554, 561-62 (2d Cir. 1999). While the defendant is correct that *Moody* stands for the proposition that listing in the National Register, *on its own*, does not constitute a deprivation of a protected property interest, that proposition does not mean that every due process violation should be dismissed under Rule 12. In *Moody*, the plaintiffs' claims failed at summary judgment because their due process allegations were predicated on the burdens imposed by state, not federal, law. *Id*. at 562. Here, the plaintiffs have alleged that they have been deprived of protected property interests and injured as a result of the defendants' actions and inactions regarding the listing of the Property and its decision to deny the removal petition under federal law. Further, the defendants' actions in the review of the removal petition are alleged to have been arbitrary and capricious. The plaintiffs have stated a valid claim for due process violations.

### D. Writ of Mandamus Claim

The Mandamus Act provides that district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Authority from the Sixth Circuit "clearly indicates that '[m]andamus is available only if: (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff.'" *Rimmer v. Holder*, 700 F.3d 246, 264 (6th Cir. 2012) (quoting *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011)). In *Rimmer*, the Sixth Circuit held that because the Freedom of Information Act and *Touhy* framework provided the plaintiff with an adequate remedy for what was sought, his mandamus

claim fails the three-part test and is precluded by the existence of an alternative adequate remedy. *Id*. at 264.

In this case, the APA provides the plaintiffs with an adequate remedy. As a result, the plaintiffs mandamus claim fails the three-part test. The plaintiffs have failed to address the issue that an adequate remedy is available. Instead, citing Pennsylvania and Massachusetts district court decisions, they attempt to argue that a mandamus claim may lie where an agency has abused its discretion. *See* Record No. 13, pp. 21-22. However, as previously discussed, the Sixth Circuit has outlined clear requirements for the drastic remedy that is "to be invoked only in extraordinary situations." *Carson*, 633 F.3d at 491 (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)). Because an adequate remedy is available, the mandamus claim fails.

### IV.

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1. Defendants' Motion to Dismiss [Record No. 12] is **GRANTED**, in part, and **DENIED,** in part.

2. The petition for writ of mandamus under the Mandamus Act (Count III) is **DISMISSED**, with prejudice. All other allegations contained in Count I, Count II, Count IV and Count V remain pending.

This 15th day of March, 2018.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge