UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| THOMAS NORTON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 5:17-CV-351-CHB-MAS |
| | ) | |
| JOY BEASLEY, in her official capacity as | ) | MEMORANDUM OPINION AND |
| Keeper of the National Register of | ) | ORDER |
| Historic Places, et al.,[1] | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiffs' Motion to Supplement the Administrative Record and Take Limited Discovery Regarding the Administrative Record [DE 34] and their Motion to Reassign Case [DE 35]. The motions have been fully briefed by both parties and are ripe for decision. The district judge referred the motions to the undersigned for disposition. [DE 42]. For the reasons stated herein, both motions will be DENIED.

### I. MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

This case requests judicial review of National Park Service ("NPS" or "the agency") decision to list certain properties on the National Register of Historic Places, pursuant to the Administrative Procedure Act. 5 U.S.C. 701-05.[2] In determining whether the NPS made a decision that was arbitrary, capricious, an abuse of discretion, or not in accordance with the law, "the court shall review the whole record or those parts of it cited by a party . . . ." 5 U.S.C. § 706.

---

[1] Joy Beasley, current Keeper of the National Register of Historic Places, is automatically substituted for former Keepers of the National Register of Historic Places. FED. R. CIV. P. 25(d).

[2] The substance of the decision is thoroughly set forth in DE 1, 12, 13, 19, and 34.

1

"The designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity. The court assumes the agency properly designated the Administrative Record absent clear evidence to the contrary." *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993) (internal citation omitted).

> In order to overcome the presumption that the record was not properly designated, plaintiff must put forth concrete evidence. Plaintiff cannot merely assert that other relevant documents were before the [agency] but were not adequately considered. Instead, plaintiff must identify reasonable, non-speculative grounds for its belief that the documents were considered by the agency and not included in the record. Finally, plaintiff must do more than imply that the documents at issue were in the [agency's] possession. Rather, plaintiff must prove that the documents were before the actual decisionmakers involved in the determination.

*Bullwinkel v. U.S. Dept. of Energy*, 2013 WL 384902, at *2 (W.D.Tenn. 2013) (quoting *Sara Lee Corp. v. Am. Bakers Ass'n*, 252 F.R.D. 31, 33 (D.D.C. 2008). "As a general matter, courts confine their review to the administrative record, which includes all materials compiled by the agency[ ] that were before the agency at the time the decision was made. [. . . ] Courts have suggested that in order to justify supplementation, a plaintiff must make a strong showing of bad faith." *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997) (internal quotation marks and citations omitted).

For the reasons stated herein, the Court concludes Plaintiffs have not put forth "concrete evidence," or identified "reasonable, non-speculative grounds" that there are documents considered by the agency but not included in the Administrative Record before the Court, or that there was any bad faith in the compilation of the Administrative Record.

A. **EXHIBITS 1-11**

In their motion, Plaintiffs request inclusion of their Exhibits 1-11; however, each of these, save one page of Exhibit 6, is already in the Administrative Record. [Response, DE 38, Page ID # 587-88, setting forth the pages in the Administrative Record where the documents can be found]. The fax cover sheet of Exhibit 6 to Plaintiff's Motion that is not included is illegible and, at most,

ministerial. [DE 34-6, Page ID # 525]. Plaintiffs have not identified any reason to believe that the fax cover sheet was considered by the agency in making its decision. Accordingly, the Court will deny the request as to the fax cover sheet of Exhibit 6 and deny the remainder of the request as moot because it is included in the Administrative Record.

B.     **BROAD CATEGORIES OF DOCUMENTS**

Plaintiffs also ask that Defendants supplement the Administrative Record to include several categories of documents, which the Court will not require to be added to the Administrative Record for the reasons stated below.

    1.     **Documents related to a meeting between Plaintiffs, their attorney, and National Register program staff in 2009.**

Plaintiffs allege that there is nothing in the Administrative Record "reflecting the occurrence of that meeting or the substance of what was discussed at the meeting." [DE 34 at Page ID # 503]. Even if "a visit to Washington, D.C., by several deeply concerned Kentucky property owners was memorialized by the Defendants in some manner[,]" there is no allegation that the agency considered any such documents related to this meeting in making its decision. Plaintiffs essentially speculate some sort of document(s) exist and must have been considered by the agency. This is insufficient to support Plaintiffs' motion.

    2.     **State court filings**

The Keeper quoted the Kentucky Court of Appeals' 2013 Opinion, which is included in the Administrative Record. [DE 29 at NATIONAL_REG0001957]. Plaintiffs do not present any grounds that other state court filings were before the agency or considered by it.

3. **Communications between the Kentucky Heritage Council and/or the State Historic Preservation Officer ("SHPO") and National Register program staff**

Plaintiffs ask Defendants to prove the negative: they ask for documents that Defendants insist do not exist. The Court cannot order Defendants to supplement the record with documents they maintain do not exist. Plaintiffs present nothing more than speculation that such documents might exist ("Plaintiffs find it completely implausible that there were only a few communications between the state actors and the federal actors ..."). [DE 34 at Page ID #504].

Plaintiffs go on to argue that there was a significant bias against Plaintiffs, and quote from documents in the Administrative Record that purport to show said bias. While the issue of bias might be relevant to the ultimate issue in this case, it is not relevant to whether the Administrative Record is complete; furthermore, Plaintiffs use the documents already in the Administrative Record to make this argument. Accordingly, the Court cannot see how this argument is grounds to find that the Administrative Record is incomplete.

4. **Documents that may have been before the SHPO**

Plaintiffs have failed to allege facts to show that documents before the SHPO were considered by NPS in making its decision. The District Court for the District of Columbia eloquently addressed this point in a prior decision:

> Review of the whole record under section 706 is to be based on the full administrative record that was before the [agency decisionmakers] at the time [they] made [their] decision. [. . .] This Court has interpreted the "whole record" to include all documents and materials that the agency directly or indirectly considered .... [and nothing] more nor less. In other words, the administrative record should not include materials that were not considered by agency decisionmakers. Limiting review of the administrative record to only what the agency decisionmakers directly or indirectly considered is important. A broad application of the phrase "before the agency" would undermine the value of judicial review: [I]nterpreting the word 'before' so broadly as to encompass any potentially relevant document existing within the agency or in the hands of a third party would render judicial review meaningless. Thus, to ensure fair review of an agency

4

> decision, a reviewing court should have before it neither more nor less information than did the agency when it made its decision.

*Pacific Shores Subdivision, California Water Dist. v. U.S. Army Corps of Engineers*, 448 F.Supp.2d 1, 4 (D. D.C. 2006) (internal quotation marks and citations omitted; alternations in original). While the SHPO decision to nominate and submit the properties at issue for listing on the National Register of Historic Places is the critical event that set off a chain-reaction of events leading to this lawsuit, that decision is now at least two levels of review removed from the current judicial review of the NPS decision. Nomination documents utilized by the agency in its decision are in the record at NATIONAL_REG0001448-911. [DE 29]. This satisfies the requirements of the APA; the agency need not include in the Administrative Record "every scrap of paper that could or might have been created." *TOMAC v. Norton*, 193 F. Supp. 2d 182, 195 (D. D.C. 2002).

C.     **MOTION FOR DISCOVERY**

Plaintiffs argue "discovery should be permitted in light of the bias exhibited by the SHPO against the Plaintiffs." [DE 34 at Page ID # 511]. Plaintiffs admit that discovery is ordinarily not permitted during judicial review of an agency decision, but contend that this case falls into the exception that permits discovery where there is evidence of bias on the part of the agency. *See Charter Tp. Of Van Buren v. Adamkus*, 188 F.3d 506 (table), 1999 WL 701924 at *4 (6th Cir. Aug. 30, 1999) (Courts may permit discovery "when there are grounds to suspect bad faith or improper behavior not apparent from the administrative record."). Plaintiffs, however, make no allegations that the federal agency or Keeper personally acted in bad faith or with bias. There is no legal basis to permit discovery where there is no such allegation against the federal defendants, regardless of allegations levied against non-party state defendants.

Plaintiffs also contend their constitutional claims entitle them to discovery. Claims that an agency violated constitutional rights are reviewed pursuant to the APA, which, as noted, does not

5

permit discovery in this circumstance. *See* 5 U.S.C. § 706(B); *Jarita Mesa Livestock Grazing Ass'n v. United States Forest Service*, 58 F.Supp.3d 1191, 1240 (D. N.M. 2014) (a constitutional claim that arises from an agency action "is subject to the APA's procedural provisions, which include a general rule that the reviewing court must limit its review to the administrative record. . . . [The constitutional claim] does not change the framework under which the case must progress: the APA."). Accordingly, the motion for discovery will be denied.

## II. MOTION TO REASSIGN CASE

Plaintiffs argue that judicial economy and Local Rule 3.2(f) "expressly permit[s]" reassignment from Judge Boom back to Judge Reeves who previously presided over this matter. [Reply, DE 40, Page ID # 619]. Local Rule 3.2(f) is inapposite here; that Rule permits transfer to other divisions in the Eastern District of Kentucky, such as Pikeville or Covington. This case remained in the Lexington division but was transferred to Judge Boom as part of the redistribution of cases upon her taking the bench. Local Rule 40.1 permits a party to move for case reassignment where the case is "related to another case pending in the district." LR 40.1(b). "The Court will determine a motion to reassign on the basis of whether reassignment is in the interests of justice." *Id*. The related case doctrine does not apply in this situation because there is no related case before Judge Reeves. The fact that Judge Reeves previously handled this matter and another prior, now-closed case is insufficient justification for reassigning this case back to Judge Reeves. *See Norton, et al. v. Perry, et al.*, 5:16-cv-438-DCR. "Local rules governing the assignment of cases are designed as internal housekeeping rules to promote the efficient operation of the district courts; they are not meant to confer rights on litigants." *Sinito v. United States*, 750 F.2d 512, 515 (6th Cir. 1984) (holding that a criminal defendant does not have a right to have his case heard by a particular judge, even where there was an error in the case assignment). The Court knew (and considered) at the time it reassigned this case to Judge Boom that Judge Reeves had a long history

with this matter but nevertheless determined reassignment was in the best interest of justice. Plaintiffs' motion to reassign the case will be denied.

## III. CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that Plaintiff's Motions at DE 34 and 35 are hereby **DENIED**.

Entered this 15th day of May, 2019.

